FILED
2017 Sep-26 AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

CHANCEY BERRY TEMPLE,  }
                                                  }
    Plaintiff,                                 }
                                                  }
v.                                                     }   Case No.: 1:17-cv-00638-RDP-SGC
                                                  }
JIMMY KILGORE, et al.,          }
                                                  }
    Defendants.                               }

**MEMORANDUM OPINION**

      This case is before the court on Plaintiff's August 8, 2017 letter to the court (Doc. # 9), which the court liberally construes as a Motion for Extension of Time to File an Amended Complaint. Although Petitioner filed his motion for extension on August 8, 2017, he has not filed an amended complaint to this date. For the reasons explained below, Plaintiff's Motion for Extension is due to be denied, and this case is due to be dismissed.

**I.    Procedural History**

      In April 2017, Plaintiff filed this action against six individual Defendants. (Doc. # 1 at 1). In his initial complaint, Plaintiff first claims that Defendants violated his Eighth Amendment rights by not providing him access to fresh air or sunlight. (*Id.* at 11). Second, Plaintiff claims that Defendants failed to provide him access to an adequate law library. (*Id.*). Third, Plaintiff claims that Defendants violated his equal protection rights under the Fourteenth Amendment by granting female inmates opportunities to go outside while denying such opportunities to male inmates. (*Id.* at 11-12). Finally, Plaintiff claims that one Defendant violated his First Amendment rights by opening legal mail outside of his presence. (*Id.* at 12).

On June 1, 2017, the Magistrate Judge determined that Plaintiff had improperly joined claims against separate Defendants in the same complaint. (Doc. # 6 at 1-2). The Magistrate Judge also found that Plaintiff's complaint contained conclusory allegations against Defendants. (*Id.* at 2). The Magistrate Judge ordered Plaintiff to submit an amended complaint with 30 days. (*Id.*).

On June 5, 2017, Plaintiff submitted a "Motion Supplementing Supporting Corroborating Critical Evidence and Factors" to the court. (Doc. # 7). This filing discusses Plaintiff's claim that prison officials improperly opened his legal mail. (*See generally id.*). Plaintiff explained that one of the Defendants admitted to opening mail from this court outside of Plaintiff's presence. (*Id.* at 1). And, he complained that another Defendant failed to properly address the grievance. (*Id.* at 2). The grievance attached to Plaintiff's filing asserts that mail from this court to Plaintiff was opened and signed as "opened by mistake." (*Id.* at 4).

On July 25, 2017, the Magistrate Judge determined that Plaintiff had failed to comply with the directions in her earlier order because his June 2017 filing was not an amended complaint. (Doc. # 8 at 1). The Magistrate Judge ordered Plaintiff to file an amended complaint within 30 days of the order. (*Id.* at 1-2). The Magistrate Judge explicitly warned Plaintiff that "FAILURE TO COMPLY WITHIN THIRTY DAYS WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE." (*Id.* at 2) (emphasis in original). On August 8, 2017, Plaintiff asked for an extension of unspecified length to file an amended complaint. (Doc. # 9).

## II.     Discussion

Plaintiff seeks an extension of time to file an amended complaint. But, Plaintiff has provided no reason as to why he needs additional time to file an adequate complaint. (*See*

*generally* Doc. # 9). Plaintiff has been aware of the deficiencies in his original pleading since June 2017. Yet, while he has asked for an extension, he has not filed an amended complaint with the court while the motion has been pending. For these reasons, Plaintiff has not shown good cause for extending the Magistrate Judge's deadline for amending his complaint, and the Motion for Extension is due to be denied.

The Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *see* Fed. R. Civ. P. 41(b). Additionally, a district court has "inherent . . . authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange*, 693 F.2d at 1352. Plaintiff has failed to obey the Magistrate Judge's June 1, 2017 Order or July 25, 2017 Order, despite the Magistrate Judge's express warning about the consequences of his failure to comply. Accordingly, this action is due to be dismissed without prejudice for want of prosecution.

Alternatively, to the extent Plaintiff's June 5, 2017 filing is construed as an amended complaint, Plaintiff has failed to state a claim for relief.[1] Plaintiff claims that at least two of the Defendants violated his constitutional rights by opening legal mail outside of his presence. It is well established that "a prisoner's constitutional right of access to the courts requires that

---

[1] An amended complaint supersedes any previously-filed complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Having said that, the court recognizes that Plaintiff's June 5, 2017 filing is not styled as a complaint. (*See generally* Doc. # 7). If Plaintiff's April 2017 complaint is considered to be the operative pleading, though, the court agrees with and adopts the Magistrate Judge's conclusion that Plaintiff's claims are mere conclusory allegations that fail to state a claim for relief. (Doc. # 6 at 2).

In reviewing whether Plaintiff has stated a claim for relief, the court has examined whether the complaint includes enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. The court has reviewed the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). And, because Plaintiff is proceeding *pro se*, the court has liberally construed his filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3

incoming legal mail from his attorneys, properly marked as such, may be opened only in the inmate's presence and only to inspect for contraband." *Al-Amin v. Smith*, 511 F.3d 1317, 1325 (11th Cir. 2008). This established constitutional right extends to incoming legal mail from a court. *Taylor v. Sterett*, 532 F.2d 462, 475 (5th Cir. 1976) (cited as binding precedent in *Al-Amin*). But, to plead an access to courts claim, a plaintiff must plead an "actual injury" that impeded his ability to pursue a non-frivolous claim. *Al-Amin*, 511 F.3d at 1332-33. Here, Plaintiff has not pled any actual injury that he suffered due to the opening of his mail from this court. (*See generally* Doc. # 7). For example, Plaintiff has not pled that the opening of his mail caused him to miss a deadline or affected a legal claim in another suit. *See Al-Amin*, 511 F.3d at 1333 (dismissing the plaintiff's access to courts claim for failure to show an actual injury). Because Plaintiff has not pled an actual injury he suffered due to his legal mail being opened, his access to courts claim is due to be dismissed for failure to state a claim.[2]

Plaintiff also has failed to state a First Amendment claim based on the opening of his legal mail. (Doc. # 7). In *Al-Amin*, the Eleventh Circuit recognized "a [prisoner's] First Amendment free speech right to communicate with his attorneys by mail." *Al-Amin*, 511 F.3d at 1334. It held that the defendants in that case had chilled the plaintiff-prisoner's freedom of speech through a "pattern and practice of opening" mail that was clearly marked as attorney mail. *Id.* Nevertheless, the Eleventh Circuit explicitly limited its First Amendment holding "to attorney-client mail only." *Id.* at 1334 n. 34. Here, Plaintiff has not alleged a First Amendment claim based on the opening of his legal mail for two reasons. First, Plaintiff has not asserted that the opened mail concerned communication with an attorney. (Doc. # 7 at 1) (stating that the mail came from personnel at this court). Second, Plaintiff has not alleged that Defendants

---

[2] Plaintiff has made other conclusory allegations regarding legal mail in his June 2017 filing. (Doc. # 7 at 2). These allegations do not state a claim because they do not allege the actual harm Plaintiff suffered from the alleged issues regarding legal mail.

4

engaged in a pattern or practice of opening such mail, as he has only provided one example of legal mail being opened. Therefore, Plaintiff's First Amendment claim regarding the opening of his legal mail is due to be dismissed for failure to state a claim.

## III. Conclusion

For the reasons explained above, this action is due to be dismissed for failure to prosecute. Alternatively, this action is also due to be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this September 25, 2017.

 _____
 **R. DAVID PROCTOR**
 UNITED STATES DISTRICT JUDGE